# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TRE L. DOBBINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | **5:25-cv-00074-HDM** |
| **HART and COOLEY,** ) | |
| ) | |
| **Defendant.** ) | |

## ANSWER TO AMENDED COMPLAINT

**COMES NOW** Defendant Hart and Cooley ("Defendant") and submits this Answer and Affirmative Defenses to Plaintiff Tre L. Dobbin's ("Plaintiff") Amended Complaint.

### I. PARTIES

In response to Section I, of the Amended Complaint, Defendant admits that the Plaintiff brings claims against Defendant but denies the allegations against it in Section I of the Amended Complaint and demands strict proof thereof.

### II. JURISDICTION

In response to Section II of the Amended Complaint, Defendant admits that venue is proper.

In response to Section II of the Amended Complaint, Defendant admits the Plaintiff claims jurisdiction under the statutes cited but denies any violations of the statutes cited or that Plaintiff is entitled to any relief under those statutes.

### III. FACTS

1. Defendant is without sufficient knowledge of information to admit or deny the allegations set forth in Section III, Paragraph 1 of the Amended Complaint and, therefore, denies the allegations set forth in Section III, Paragraph 1 of the Amended Complaint and demands strict proof thereof.

2. Defendant denies the allegations set forth in Section III, Paragraph 2 of the Amended Complaint, and demands strict proof thereof.

3. Defendant denies the allegations set forth in Section III, Paragraph 3 of the Amended Complaint, and demands strict proof thereof.

4. Defendant denies the allegations set forth in Section III, Paragraph 4 of the Amended Complaint, and demands strict proof thereof.

5. Defendant denies the allegations set forth in Section III, Paragraph 5 of the Amended Complaint, and demands strict proof thereof.

6. Defendant denies the allegations set forth in Section III, Paragraph 6 of the Amended Complaint, and demands strict proof thereof.

7. Defendant denies the allegations set forth in Section III, Paragraph 7 of the Amended Complaint, and demands strict proof thereof.

8. Defendant denies the allegations set forth in Section III, Paragraph 8 of the Amended Complaint, and demands strict proof thereof.

9. Defendant is without sufficient knowledge of information to admit or deny the allegations set forth in Section III, Paragraph 9 of the Amended Complaint and, therefore, denies the allegations set forth in Section III, Paragraph 9 of the Amended Complaint and demands strict proof thereof.

10. Defendant admits the allegations set forth in Section III, Paragraph 10 of the Amended Complaint.

11. Defendant is without sufficient information to admit or deny the allegations set forth in Section III, Paragraph 11 of the Amended Complaint, and therefore denies the allegations in Paragraph 11.

12. Defendant is without sufficient information to admit or deny the allegations set forth in Section III, Paragraph 12 of the Amended Complaint, and therefore denies the allegations in Paragraph 12.

13. Defendant is without sufficient information to admit or deny the allegations set forth in Section III, Paragraph 13 of the Amended Complaint, and therefore denies the allegations in Paragraph 13.

14. Defendant is without sufficient information to admit or deny the allegations set forth in Section III, Paragraph 14 of the Amended Complaint, and therefore denies the allegations in Paragraph 14.

15. Defendant is without sufficient information to admit or deny the allegations set forth in Section III, Paragraph 15 of the Amended Complaint, and therefore denies the allegations in Paragraph 15.

## IV. COUNT I – VIOLATION OF THE ADA
## (FAILURE TO HIRE/DISABILITY DISCRIMINATION)

In response to Section IV – Count I of the Amended Complaint, Defendant denies any violations of the statutes cited or that Plaintiff is entitled to any relief under those statutes.

## V. RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in Section V of the Complaint, or any relief whatsoever.

## VI. JURY DEMAND

Defendant does not object to Plaintiff's demand for trial by jury.

## ADDITIONAL AFFIRMATIVE DEFENSES

### First Defense

Except to the extent expressly admitted herein, the allegations in the Complaint are denied.

### Second Defense

Plaintiff's claim is barred and damages are limited to the extent Plaintiff has failed or refused to mitigate his damages, and any recovery in this lawsuit must be set off and/or reduced by all wages, commissions, compensation, pay and benefits,

other earnings or remuneration, profits, and benefits, regardless of form, received by Plaintiff subsequent to the alleged adverse action Plaintiff claims to have suffered.

### Third Defense

Defendant affirmatively has made a good faith effort to comply with all federal and state laws.

### Fourth Defense

Defendant denies that Plaintiff's disability, requests for accommodation, or any other impermissible factor played any role with respect to any employment decision, practice, or term or condition of employment complained of by Plaintiff.

### Fifth Defense

Even if Plaintiff could prove intentional discrimination, or retaliation, which Defendant denies, Defendant would demonstrate that it would have taken the same employment actions in the absence of any unlawful motivating factors.

### Sixth Defense

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

**Seventh Defense**

To the extent that Plaintiff's Complaint challenges employment decisions affecting him, such decisions were made based on legitimate, non-discriminatory and non-retaliatory factors.

**Eighth Defense**

Defendant is not liable for punitive damages as it has made good faith efforts to enforce any anti-discrimination laws and policies. Defendant cannot be held vicariously liable for punitive damages for any allegedly discriminatory decision of its agents where such decisions are contrary to Defendant's good faith efforts to prevent discrimination in the workplace and comply with Title VII. Defendant, in no way, acted with malice or reckless disregard for the federal laws preventing harassment and discrimination. *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 546, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999).

**Ninth Defense**

Defendant reserves the right to assert any additional affirmative defenses that may be determined during discovery.

**Tenth Defense**

Plaintiff was an employee-at-will.

**Eleventh Defense**

Plaintiff cannot establish a *prima facie* case of disability discrimination or in

retaliation for any complaint of discrimination.

## Twelfth Defense

Defendant affirmatively avers that all its actions were taken in good faith.

## Thirteenth Defense

Plaintiff has failed to satisfy the conditions precedent to maintaining some of the claims in this action.

## Fourteenth Defense

Some or all of the Plaintiff's claims are barred by the failure to include in a timely filed Charge of Discrimination.

## Fifteenth Defense

Plaintiff has not suffered any injuries or damage caused by Defendant.

## Sixteenth Defense

Plaintiff's claims for punitive damages are barred because he cannot prove by clear and convincing evidence that Defendant acted with actual malice relative to him.

## Seventeenth Defense

Defendant, without admitting that any employees engaged in any of the acts or conduct attributed to it in the Complaint, did not ratify any alleged intentional conduct by its employees.

**Eighteenth Defense**

To the extent Plaintiff failed to make any reasonable attempts to mitigate his damages, Defendant is entitled to a setoff, should it prevail. In addition, any recovery must be set off and/or reduced by wages, commissions, pay and benefits, other earning or remuneration, regardless of form received, that were paid or due to Plaintiff or receivable with exercise of due diligence.

**Nineteenth Defense**

Defendant adopts all defenses under Alabama statutory law and common law and under federal law relating to limitation of punitive damages.

**Twentieth Defense**

Any award of punitive damages in this case would violate Defendant's rights under the United States Constitution and the State of Alabama Constitution.

**Twenty-First Defense**

Defendant cannot be liable for a failure-to-accommodate claim because it was not informed of complaints or requests for accommodation made by Plaintiff.

Respectfully submitted,

*/s/Wesley C. Redmond*
Wesley C. Redmond
Susan W. Bullock
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL  35203

wredmond@fordharrison.com
sbullock@fordharrison.com
Phone: (205) 244-5905; (205) 244-5906
Facsimile: 205-244-5901

*Counsel for Defendant
Hart & Cooley*

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 19th day of November, 2025, he electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System, and further certifies he served the *Pro Se* Plaintiff via United States Mail, first-class postage pre-paid and properly addressed to:

Tre L. Dobbins
2209 Evans Ave. NW
Huntsville, AL 35810
(256) 203-3689
Tredobbins22@gmail.com

/s/Wesley C. Redmond
Wesley C. Redmond

WSActiveLLP:114753901.1 - 11/19/2025 2:31 PM